UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **JURMONT CLARK** | ) |
| | ) |
| Movant, | ) |
| | ) |
| vs. | ) Case No: 4:19CV2305 HEA |
| | ) |
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| Respondent. | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Movant's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, [Doc. No. 1]. The United States of America has responded to the motion pursuant to the Court's Show Cause Order. Movant has filed a supplement to his motion. For the reasons set forth below, the Motion to Vacate is denied.

## FACTUAL HISTORY

The factual history of this matter is set out by respondent in its response.

## PROCEDURAL HISTORY

Movant was charged on November 29, 2017 by a federal grand jury with with possessing with the intent to distribute cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1) ("Count One"); possessing a firearm in furtherance of the drug-trafficking crime charged in Count One, in violation of 18 U.S.C § 924(c) ("Count

Two"); and possessing a firearm after having been convicted previously of a felony crime punishable by a term of imprisonment exceeding one year, in violation of 18 US.C. § 922(g)(1)("Count Three").

On May10, 2018, Movant pled guilty to Count Three of the Indictment, which charged:

**COUNT THREE**

The Grand Jury charges that:

On or about October 25, in the City of St. Louis, within the Eastern District of Missouri,

**JURMONT CLARK,**

the Defendant herein, having been previously convicted of a felony crime punishable by a term of imprisonment exceeding one year under the laws of the State of Missouri, did knowingly and intentionally possess one or more firearms to wit: a Taurus make, International model .40 caliber semi-automatic pistol bearing serial number S1W76842, which traveled in interstate or foreign commerce prior to being in the defendant's possession.

In violation of Title 18, United States Code, Section 922(g)(1).

Movant entered a Guilty Plea Agreement in which he pled guilty to Count Three of the Indictment in exchange for dismissal by Respondent of Counts One and Two at sentencing.

Movant was sentenced on August 9, 2018.  The Court imposed a term of imprisonment of 57 months to run consecutively to the parole revocation matter in

2

Docket No. 1122-CR05760-01. The Court further imposed a term of two years supervised release.

Movant did not appeal his conviction or sentence.

## CLAIMS FOR RELIEF

Movant sets out two grounds for relief in his Motion: Counsel was ineffective for not advising Movant that his federal sentence could be served consecutive to his yet to be imposed sentence for violating his state parole and that he would not receive credit for time spent in pretrial custody; ground two: Movant's guilty plea was invalid because he was not advised of the element of the offense of being a felon in possession of a firearm that he knew that he had been convicted of an offense punishable by imprisonment for more than one year presumably based on *Rehaif v. United* States, __ U.S. __, 139 S.Ct. 2191 (2019). In his supplement, Movant asks the Court to consider *United States v. Gary*, No. 954 F.3d 194 (4th Cir. 2020).

## STANDARD FOR RELIEF UNDER 28 U.S.C. §2255

A federal prisoner seeking relief from a sentence under 28 U.S.C. § 2255 on the ground "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the

3

sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255. In order to obtain relief under § 2255, the movant must allege a violation constituting "'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Gomez*, 326 F.3d 971, 974 (8th Cir. 2003) (quoting *United States v. Boone*, 869 F.2d 1089, 1091 n.4 (8th Cir. 1989)).

## Right to Evidentiary Hearing

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "'[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994) (alteration in original) (quoting 28 U.S.C. § 2255). Thus, a movant is entitled to an evidentiary hearing "'when the facts alleged, if true, would entitle [the movant] to relief.'" *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996) (quoting *Wade v. Armontrout*, 798 F.2d 304, 306 (8th Cir. 1986)). The Court may dismiss a claim "without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw*, 24 F.3d at 1043 (citing *Larson v. United States*, 905 F.2d 218, 220-21 (8th Cir. 1990)). Since the Court finds that Movant's claims can be conclusively determined based upon the parties' filings and the records of the case, no evidentiary hearing will be necessary.

## Standard for Ineffective Assistance of Counsel

4

> "The standard set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L.E.2d 674 (1984), provides the framework for evaluating [Movant's] ineffective-assistance-of-counsel claim." *Anderson v. United States*, 762 F.3d 787, 792 (8th Cir. 2014). [Movant] "must show that his counsel's performance was deficient and that [he] suffered prejudice as a result" to prove a violation of his Sixth Amendment rights. *Id*.
>
> "Deficient performance is that which falls below the range of competence demanded of attorneys in criminal cases." *Bass v. United States*, 655 F.3d 758, 760 (8th Cir. 2011) (internal quotation omitted). "*Strickland* sets a 'high bar' for unreasonable assistance." *Love*, 949 F.3d at 410 (quoting *Buck v. Davis*, 137 S. Ct. 759, 775 (2017)). Only a performance "outside the wide range of reasonable professional assistance" is constitutionally deficient. *Id.* (internal quotation omitted). "We make every effort to eliminate the distorting effects of hindsight and consider performance from counsel's perspective at the time." *Id.* (internal quotation omitted).
>
> "Prejudice requires the movant to establish 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.' " *Bass*, 655 F.3d at 760 (quoting *Strickland*, 446 U.S. at 694).

*O'Neil v. United States of Am.*, 966 F.3d 764, 770-71 (8th Cir. 2020).

It is well-established that a petitioner's ineffective assistance of counsel claim is properly raised under 28 U.S.C. § 2255 rather than on direct appeal. *United States v. Davis,* 452 F.3d 991, 994 (8th Cir.2006); *United States v. Cordy*, 560 F.3d 808, 817 (8th Cir. 2009). The burden of demonstrating ineffective assistance of counsel is on a defendant. *United States v. Cronic,* 466 U.S. 648, 658 (1984); *United States v. White,* 341 F.3d 673, 678 (8th Cir.2003).

5

Both parts of the *Strickland* test must be met in order for an ineffective assistance of counsel claim to succeed. *Anderson v. United States,* 393 F.3d 749, 753 (8th Cir.), *cert. denied,* 546 U.S. 882 (2005). The first part of the test requires a "showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment". *Id.* Review of counsel's performance by the court is highly deferential, "and the Court presumes counsel's conduct falls within the wide range of reasonable professional assistance". *Id.* The court does not second-guess trial strategy or rely on the benefit of hindsight, *id.,* and the attorney's conduct must fall below an objective standard of reasonableness to be found ineffective, *United States v. Ledezma-Rodriguez,* 423 F.3d 830, 836 (2005). If the underlying claim (i.e., the alleged deficient performance) would have been rejected, counsel's performance is not deficient. *Carter v. Hopkins,* 92 F.3d 666, 671 (8th Cir.1996). Courts seek to "eliminate the distorting effects of hindsight" by examining counsel's performance from counsel's perspective at the time of the alleged error. *Id.*

The second part of the *Strickland* test requires that the movant show that he was prejudiced by counsel's error, and "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different". *Anderson,* 393 F.3d at 753-54 (quoting *Strickland,* 466 U.S. at 694). A reasonable probability is a probability sufficient to undermine confidence

6

in the outcome. *Strickland,* 466 U.S. at 694. When determining if prejudice exists, the court "must consider the totality of the evidence before the judge or jury". *Id.* at 695; *Williams v. U.S.,* 452 F.3d 1009, 1012-13 (8th Cir. 2006).

The first prong of the *Strickland* test, that of attorney competence, is applied in the same manner to guilty pleas as it is to trial convictions. The prejudice prong, however, is different in the context of guilty pleas. Instead of merely showing that the result would be different, the defendant who has pled guilty must establish that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial". *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Matthews v. United States*, 114 F.3d 114.

**Ground One**

Movant claims counsel was ineffective for not telling him of the possibility of consecutive sentences and no credit for time served. Movant's claim is without merit. Movant admitted that he and his attorney reviewed the PreSentence Investigation Report, which specifically advised him of the possibility that his sentence would be imposed consecutively. Movant confirmed during the plea hearing that no promises were made to him with regard to the sentence he would receive. The Court advised Movant of the maximum sentence he could receive, 10 years. Movant received a sentence within that range.

With respect to Movant's claim that counsel was ineffective for failing to advise him that he would not receive credit for time served, this claim is likewise without merit. As long as a defendant is advised of the maximum sentence, counsel is not ineffective for failing to inform the defendant of other issues collateral to the sentence. "[I]naccurate advice of counsel about the sentencing guidelines or likely punishment does not render involuntary a defendant's decision to plead guilty, so long as the defendant is informed of the maximum possible sentence permitted by statute and the court's ability to sentence within that range." *United States v. Quiroga*, 554 F.3d 1150, 1155 (8th Cir. 2009)(denying post-conviction relief where defendant alleged he relied on attorney's erroneous advice that he would not be subject to the career offender guideline when pleading guilty). See also, *United States v. Meza-Lopez*, 929 F.3d 1041, 1045 (8th Cir. 2019)(defendant claimed that his attorney was ineffective because his counsel "lied to him by stating that he would receive consecutive sentences if he went to trial." The Eighth Circuit acknowledged that the defendant "stated at his plea hearing that he was satisfied with his counsel's performance and confirmed in several instances that he was entering his plea voluntarily." Defendant was "informed of the maximum sentence multiple times and stated he understood." The Court held that erroneous advice from counsel does not invalidate a guilty plea as long as the court informed the defendant of his maximum possible sentence.

Movant claims that he was not advised on the knowledge element of his felon in possession status, presumably in light of *Rehaif v. United States*, ___ U.S.___, 139 S.Ct. 2191 (2019). Movant's *Rehaif* claim is procedurally defaulted because he did not raise this issue on direct appeal. See *Bousley v. United States*, 523 U.S. 614, 621 (1998) (explaining that a claim that a plea was involuntary and unknowing is procedurally defaulted on collateral review if the issue was not first raised on direct appeal). A procedural default may, however, be excused if the defendant can demonstrate cause excusing his procedural default and actual prejudice. *Id.* at 622. This claim was not "reasonably available" to Movant at that time. See *Reed v. Ross*, 468 U.S. 1, 16–17 (1984) (explaining that a claim may not be reasonably available when it contradicts "a longstanding and widespread practice to which [the Supreme Court] has not spoken, but which a near-unanimous body of lower court authority has expressly approved"); *Rehaif*, 139 S. Ct. at 2209, 2209 n.6 (Alito, J., dissenting) (explaining how the Court's decision in *Rehaif* overturned precedent from every single Court of Appeals to have addressed the issue, which included all but the Second and Sixth Circuit Courts of Appeals). Movant must still, however, establish actual prejudice.

In *Rehaif*, the Supreme Court held that, in order to be convicted under 18 U.S.C. § 922(g), the government "must prove that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of

9

persons barred from possessing a firearm." 139 S. Ct. 2191, 2200 (2019). In the case of Movant's felon in possession charge, this means the government had to prove that he knew at the time he possessed the firearm that he "has been convicted in any court of[ ] a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1); see also *United States v. Caudle*, 968 F.3d 916, 922 (8th Cir. 2020). This "knowledge can be inferred from circumstantial evidence." *Rehaif,* 139 S. Ct. at 2198.

Regarding this knowledge, the plea agreement states that and during the plea colloquy, Movant admitted that he had been convicted of a felony which was punishable by imprisonment for a term exceeding one year.

To establish that this error caused him actual prejudice, Movant must show than an error worked to his "actual and substantial disadvantage...." *United States v. Frady*, 456 U.S. 152, 171 (1982). Movant relies on *United States v. Gary*, 954 F.3d 194 (4th Cir. 2020).

In *Gary*, the Fourth Circuit Court of Appeals analyzed a plea proceeding similar to Movant's and held that the court erred in accepting the defendant's plea because he was not informed that the government had to prove he knew of his felon status at the time he possessed the weapon. 954 F.3d at 202. The court further held that this error was structural, and therefore per se prejudicial, because it violated the defendant's Fifth Amendment right to due process and his Sixth

10

Amendment right to autonomy in making decisions about his defense. Id. at 205–06.

The Eighth Circuit rejected the contention that such a violation of a defendant's Fifth Amendment right to due process is a structural error in *Coleman*. 961 F.3d at 1030–31. Admittedly, the Eighth Circuit did not specifically address whether a plea proceeding's violation of a defendant's Sixth Amendment right is structural error, but the court nevertheless finds that *Coleman* is controlling here. Although it did not discuss a defendant's Sixth Amendment right to autonomy over his defense, the court in *Coleman* noted that the "Supreme Court has found structural error only in a very limited number of cases." 961 F.3d at 1029 (internal quotation omitted). The court went on to discuss how the Supreme Court has never "identified a constitutionally invalid guilty plea as structural error." *Id*. Of the circuit courts of appeals to have addressed the issue, only the Fourth Circuit, in *Gary*, has held that such constitutional violations constitute structural error. *Id*. at 1029 n.3. The Fifth, Sixth, and Tenth Circuits have all determined that such constitutional errors in plea proceedings are not structural. *Id*. Given the Eighth Circuit's holding in *Coleman*, that constitutionally invalid guilty pleas do not amount to structural error, the court determines that Movant has not established structural error that is per se prejudicial here.

Nor has Movant established prejudice under the traditional analysis, because he has not shown that the error in his plea proceeding worked to his "actual and substantial disadvantage," such that he can demonstrate "a reasonable probability that, but for the error, he would not have entered the plea." *Coleman*, 961 F.3d at 1030 (internal quotation omitted). This is because Movant's knowledge of his felon status may be inferred from the fact that, prior to possessing the weapon underlying the instant conviction, movant was convicted of three state offenses, two of which sentenced him to a term of imprisonment for five years, and one of which sentenced him to a term of imprisonment for two years. His parole was revoked on the second 2012 Missouri conviction and he served time in custody from January 8, 2016 through August 15, 2017. Movant had spent more than one year in prison on multiple occasions based on his previous felony convictions. See *Rehaif*, 139 S. Ct. at 2198. Indeed, the "lack of a plausible ignorance defense means that any § 922(g) defendant who served more than a year in prison on a single count of conviction will face an uphill battle to show that a Rehaif error in a guilty plea affected his substantial rights." *Caudle*, 968 F.3d at 922 (quoting United States v. Williams, 946 F. 3d 968, 974 (7th Cir. 2020)). Because Movant cannot show that the *Rehaif* error in his plea proceeding prejudiced him, his claim is procedurally defaulted and relief under § 2255 must be denied.

## CONCLUSION

12

For the reasons discussed above, the motion under 28 U.S.C. § 2255 is denied as to all claims.

## CERTIFICATE OF APPEALABILITY

In a § 2255 proceeding before a district judge, the final order is subject to review on appeal by the court of appeals for the circuit in which the proceeding is held. 28 U.S.C. § 2253(a). However, unless a circuit judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. § 2253(c)(1)(A). A district court possesses the authority to issue certificates of appealability under § 2253(c) and Fed. R. App. P. 22(b). *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). Under § 2253(c)(2), a certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. *See Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); *Tiedeman*, 122 F.3d at 523. To make such a showing, the issues must be debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *See Miller-El*, 537 U.S. at 335–36 (reiterating standard).

Courts reject constitutional claims either on the merits or on procedural grounds. " '[W]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: [t]he [movant] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.' " *Miller-El*, 537 U.S. at 338

13

(quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). When a motion is dismissed on procedural grounds without reaching the underlying constitutional claim, "the [movant must show], at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *See Slack*, 529 U.S. at 484.

Having thoroughly reviewed the record in this case, the Court finds that Movant has failed to make the requisite "substantial showing." *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b). Accordingly, a certificate of appealability will not issue.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Vacate, Set aside or Correct Sentence, is **DENIED**.

**IT IS FURTHER ORDERED** that this Court will not issue a Certificate of Appealability as Movant has not made a substantial showing of the denial of a

federal constitutional right.

A separate judgment is entered this same date.

Dated this 22nd day of December, 2020.

                                                                                              _____
                                                                                              HENRY EDWARD AUTREY
                                                                     UNITED STATES DISTRICT JUDGE